# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CIVICA SIMPSON,**

      **Plaintiff,**

v.                                      **Case No: 6:25-cv-1129-PGB-DCI**

**ORLANDO HEALTH SOUTH LAKE HOSPITAL, STEVEN S. BOCAS and DOES I – D [1–500],**

      **Defendants.**

                                /

## ORDER

This cause comes before the Court on Plaintiff Civica Simpson's ("**Plaintiff**") Emergency Motion for Temporary Restraining Order and Preliminary Injunction to Enjoin Unauthorized Disposition of Remains, filed June 30, 2025. (Doc. 7 (the "**Second Emergency Motion**")). The Court does not deem a response to the Second Emergency Motion from Defendants Orlando Health South Lake Hospital, Steven S. Bocas, and Does I–D [1–500] (collectively, the "**Defendants**") to be necessary.[1] Upon consideration, Plaintiff's Second Emergency Motion is due to be denied.

---

[1] "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981). In any event, Defendants have not yet appeared in this action. (Doc. 1).

I.  **BACKGROUND**

Plaintiff, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1 (the "**Complaint**")). Relevant here, in the Complaint, Plaintiff alleges that she has been the long-term custodial caregiver for a thirty-eight-year-old individual (the "**patient**") for the past sixteen years. (*Id.* at pp. 3–4). Less than one week ago, on June 24, 2025, Plaintiff filed an Emergency Motion for Temporary Restraining Order with this Court. (Doc. 3 (the "**First Emergency Motion**")). Therein, Plaintiff sought myriad forms of relief from the Court, including an injunction preventing Defendants from "modifying, withdrawing, or terminating" any aspect of the patient's life support. (*Id.* at pp. 3–4). The Court denied the First Emergency Motion, finding that Plaintiff had not established a likelihood of success on the merits of her § 1983 claim, as Plaintiff failed to demonstrate that she can meet the "color of law" element of such a claim. (Doc. 5).

Now, proceeding under the same Complaint, Plaintiff has filed the Second Emergency Motion. (Docs. 1, 7). Therein, Plaintiff primarily asks the Court to enjoin Defendants and "any funeral home, mortuary, crematorium, or related third party" from cremating, embalming, or otherwise processing the patient's body absent written consent from Plaintiff or a second individual, Richard Rohoman. (Doc. 7, p. 4).

II.  **LEGAL STANDARD**

To obtain a temporary restraining order or preliminary injunction, a plaintiff must show (1) a substantial likelihood of success on the merits of the

underlying case; (2) irreparable harm in the absence of injunctive relief; (3) that the harm suffered by Plaintiff in the absence of injunctive relief would exceed the harm suffered by Defendants if the injunctive relief issued; and (4) that injunctive relief would not disserve the public interest. *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246–47 (11th Cir. 2002); *Miccosukee Tribe of Indians of Fla. v. United States*, 571 F. Supp. 2d 1280, 1283 (S.D. Fla. 2008).

Further, temporary restraining orders and preliminary injunctions are "extraordinary and drastic remed[ies] not to be granted unless the movant clearly establishe[s] the 'burden of persuasion' as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)). Ultimately, issuing such relief should be "the exception rather than the rule." *Id.*

## III.  DISCUSSION

In denying Plaintiff's First Emergency Motion, the Court held that Plaintiff had failed to clearly establish the first requirement for proving entitlement to injunctive relief—namely, that Plaintiff has "a substantial likelihood of success on the merits of the underlying case." (Doc. 5, p. 4 (quoting *Johnson & Johnson*, 299 F.3d at 1246–47)). Because Plaintiff proceeds under the same Complaint in her Second Emergency Motion, the Court's holding is equally applicable here.[2] (*See*

---

[2] The Court also notes that, in the Second Emergency Motion, Plaintiff does not address the Court's reasons for denying the First Emergency Motion and does not otherwise discuss the Court's concerns regarding the "color of law" element of Plaintiff's § 1983 claim.

3

Docs. 1, 7). Specifically, Plaintiff has failed to demonstrate a likelihood that she can meet the "color of law" element of her § 1983 claim. Consequently, the Second Emergency Motion is due to be denied, and the Court need not address the remainder of the Motion. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005) ("The first of the four prerequisites to [] injunctive relief is generally the most important." (citation omitted)).

### IV. CONCLUSION

For the aforementioned reasons, Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction to Enjoin Unauthorized Disposition of Remains (Doc. 7) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on June 30, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

4