UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CIVICA SIMPSON,**

    **Plaintiff,**

**v.**                                                                                 Case No: 5:25-cv-429-WWB-PRL

**ORLANDO HEALTH SOUTH LAKE
HOSPITAL, STEVEN S. BOCAS, and
DOES I-D [1-500],**

    **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff's Motion for Alternative Service. (Doc. 8). Plaintiff, who is proceeding *pro se*, seeks entry of an Order allowing alternative service of process on Defendant Orlando Health South Lake Hospital pursuant to Federal Rule of Civil Procedure 4. (*Id.* at p. 1). Upon review, Plaintiff's motion will be denied as moot.

On June 24, 2025, Plaintiff initiated this action in the Orlando Division of the Middle District of Florida by filing a "Verified Civil Rights Complaint and Emergency Motion for Conservatorship and Familial Custodian." (Doc. 1). Simultaneously with filing the complaint, Plaintiff filed a motion to proceed in forma pauperis (Doc. 2), which is currently pending before the Court.

On June 30, 2025, the Court issued an Order to Show Cause ordering Plaintiff to show cause on or before July 7, 2025, as to whether this case should be transferred to the Ocala Division of the Middle District of Florida pursuant to Local Rule 1.04, and advised her that failing to timely respond to the Order to Show Cause would result in the case being transferred to the Ocala Division without further notice. (Doc. 10). In the Order to Show Cause, the

Court noted that despite Plaintiff's complaint alleging that venue of this action was proper in the Orlando Division pursuant to 28 U.S.C. § 1391(b), Plaintiff averred that "all material acts and omissions underlying this action—including the medical treatment and constitutional violations alleged—occurred in Lake County, Florida[,]" and further provided a physical address for Defendant Orlando Health South Lake Hospital, where the relevant events occurred, that was in Lake County, Florida. (*Id.* at p. 1; *see* Doc. 1 at pp. 2-3). Plaintiff failed to timely respond to the Court's Order to Show Cause. (Doc. 12). As a result, this case was transferred to the Ocala Division on July 10, 2025. (Doc. 13; *see* Doc. 12).

While Plaintiff's motion to proceed in forma pauperis (Doc. 2) is still pending with the Court, Plaintiff moves for an Order permitting alternative service of process on Defendant Orlando Health South Lake Hospital. (Doc. 8). Because this case was recently transferred to the Ocala Division, the Court has not yet conducted a frivolity review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether the Plaintiff should be allowed to proceed without paying the filing fee.[1] Should any of Plaintiff's claims survive the required frivolity review, the Court will order service of the proper documents (including Plaintiff's complaint) on each of the defendants at no expense to the Plaintiff.

Accordingly, Plaintiff's Motion for Alternative Service (Doc. 8) is **DENIED as moot**.

---

[1] To proceed in forma pauperis, the Plaintiff's complaint must state a viable cause of action that satisfies the screening process of 28 U.S.C. § 1915(e)(2)(B). However, Plaintiff may pay the filing fee and conduct proper service of process if she wishes to proceed under the complaint.

- 3 -

**DONE** and **ORDERED** in Ocala, Florida on July 17, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties